IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYCO FIRE PRODUCTS LP d/b/a<br>TYCO FIRE SUPPRESSION & BUILDING<br>PRODUCTS,<br><br>         Plaintiff/Counterclaim Defendant,<br><br>         v.<br><br>VICTAULIC COMPANY,<br><br>         Defendant/Counterclaim Plaintiff. | Civil Action<br><br>No.: 10-cv-4645 (ER) |

**ORDER DENYING PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE
<u>DEFENSE AND DISMISS DEFENDANT'S COUNTERCLAIM</u>**

AND NOW, this _____ day of _____ 2011, upon consideration of (1) Defendant's Brief in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defense and Dismiss Defendant's Counterclaim (2) Plaintiff's Motion to Strike Defendant's Affirmative Defense and Dismiss Defendant's Counterclaim, and (3) oral argument on March 28, 2011, it is hereby ORDERED that Plaintiff's motion is DENIED.

_____
The Honorable Eduardo C. Robreno
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYCO FIRE PRODUCTS LP d/b/a<br>TYCO FIRE SUPPRESSION & BUILDING<br>PRODUCTS,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>VICTAULIC COMPANY,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action<br><br>No.: 10-cv-4645 (ER) |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE
<u>DEFENSE AND DISMISS DEFENDANT'S COUNTERCLAIM</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................................1 | |
| II. | ARGUMENT..........................................................................................................................2 | |
| | A. | The Motion to Strike/Dismiss Should be Denied ........................................................2 |
| | | 1. Tyco Incorrectly Presumes That The Answer And Counterclaims Allege Inequitable Conduct ..........................................................2 |
| | | 2. A Patent Can Be Unenforceable For Many Reasons Other Than Inequitable Conduct .........................................................................................3 |
| | | 3. Tyco's Supporting Memorandum Does Not Cite The Contrary Persuasive Authority ........................................................................................4 |
| | | 4. The Answer And Counterclaims Provide The Same Level Of Detail As The Second Amended Complaint .........................................................5 |
| | B. | Tyco's Requested Relief Is Overkill - At The Least, Victaulic Should Be Granted Leave To Amend Its Answer And Counterclaims...................................7 |
| III. | CONCLUSION.......................................................................................................................9 | |

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) .................................................................................... 4

*Aspex Eyewear Inc. v. Clarity Eyewear, Inc.*,
   605 F.3d 1305 (Fed. Cir. 2010) .................................................................................... 3

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*,
   72 F.3d 872 (Fed. Cir. 1995) ........................................................................................ 3

*Cardinal Chemical Co. v. Morton Int'l*,
   508 U.S. 83 (1983) ....................................................................................................... 6

*Eisai Co. Ltd. v. Teva Pharm. USA, Inc.*
   629 F.Supp.2d 416 (D.N.J. 2009) ................................................................................. 8

*Elan Pharma Int'l Ltd. v. Lupin Ltd.*,
   No. 09-1008, 2010 WL 1372316 (D.N.J. March 31, 2010)..................................... 5, 6

*Hewlett Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, Inc.,
   123 F.3d 1445 (Fed. Cir. 1997) .................................................................................... 3

*In re Seagate Tech.*,
   497 F.3d 1360 (Fed. Cir. 2007) .................................................................................... 7

*Johnson v. Anhorn*,
   334 F.Supp.2d 802 (E.D. Pa. 2004) .............................................................................. 8

*Pfizer Inc. v. Apotex Inc.*,
   726 F.Supp.2d 921 (N.D. Ill. 2010) .............................................................................. 5

*Precimed S.A. v. Orthogenesis, Inc.*,
   No. Civ.A.04-1842, 2005 WL 991277 (E.D. Pa. Apr. 25, 2005) ............................ 5, 7

*Richdel, Inc. v. Sunspool Corp.*,
   714 F.2d 1573 (Fed. Cir. 1983) .................................................................................... 3

*Tonka Corp. v. Rose Art Indus., Inc.*,
   836 F. Supp. 200 (D.N.J. 1993) .................................................................................... 8

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
   375 F.3d 1341 (Fed. Cir. 2004), *rev'd on other grounds*, 546 U.S. 394 (2006)........... 3

*Wang Labs., Inc. v. Mitsubishi Elecs. A.M.*
   103 F.3d 1571 (Fed. Cir. 1997) .................................................................................... 3

**Statutes**

35 U.S.C. §271(c) ........................................................................................................... 6

Defendant Victaulic Company ("Victaulic") respectfully submits this brief in opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defense and Dismiss Defendant's Counterclaim ("Motion to Strike/Dismiss").  The affirmative defense that plaintiff Tyco Fire Products LP d/b/a Tyco Fire Suppression & Building Products ("Tyco") wants stricken is the Third Affirmative Defense in the Answer, Affirmative Defenses and Counterclaims of Defendant to the Second Amended Complaint ("Answer and Counterclaims"), and the counterclaim that Tyco wants dismissed is the Count II counterclaim, both of which address the unenforceability of the Tyco patents in suit.

## I.      INTRODUCTION

The Motion to Strike/Dismiss should be denied.  First, the Motion to Strike/Dismiss is based, incorrectly, on the presumption that Victaulic, in its Answer and Counterclaims, is asserting that the two patents in suit are unenforceable because Tyco committed inequitable conduct during the prosecution of the applications that issued as the two patents.  In fact, the Answer and Counterclaims do not contain any allegations of inequitable conduct.  Thus, the premise on which the Motion to Strike/Dismiss is based is incorrect, which renders much of the supporting memorandum inapposite.  Second, to the extent that Tyco is arguing that Victaulic has pled no grounds for unenforceability, it is mistaken.  A patent can be unenforceable for many reasons other than inequitable conduct.  Those other reasons are sufficiently pled in the Answer and Counterclaims.  Third, Tyco ignores case law that has held similar contentions as sufficient to put the patent owner on notice regarding invalidity allegations.  Fourth, Tyco seeks unfairly to hold Victaulic to a higher standard of pleading than Tyco used in its Complaint.  Victaulic's Answer and Counterclaims provide the same amount of detail as Tyco's Second Amended Complaint with respect to similar claims for relief.  At least

one court has held that when an answer and counterclaim contain the same level of detail as the complaint, it would be unjust to strike a defense or dismiss a counterclaim in the answer without striking or dismissing similarly pled allegations in the complaint.

Further, the relief requested by Tyco - striking of an affirmative defense and dismissal of a counterclaim - is disproportionate to the alleged "violation" at this stage of the case. At the least, Victaulic should be granted leave to amend the Answer and Counterclaims.

## II. ARGUMENT

### A. The Motion to Strike/Dismiss Should be Denied

#### 1. Tyco Incorrectly Presumes That The Answer And Counterclaims Allege Inequitable Conduct

The Motion to Strike/Dismiss is based on the incorrect presumption that Victaulic, when it references the "unenforceability" of the two Tyco patents in suit in the Answer and Counterclaims, is alleging that Tyco is guilty of inequitable conduct in the procurement of the patents: (1) "Victaulic is presumably alleging 'inequitable conduct' in the procurement of the two patents" (Tyco's supporting memorandum, at 1), (2) "Victaulic does not provide any detail whatsoever as to the events that supposedly constitute inequitable conduct" (*id.*), and (3) "[Victaulic's] unenforceability affirmative defense and counterclaim are presumably directed to inequitable conduct on the part of Tyco and/or its agents" (*id.* at 6).[1]

However, Victaulic is not alleging, at least at this stage of the case, that the two Tyco patents are unenforceable because of inequitable conduct. That is, while Victaulic reserves the right to later amend the Answer and Counterclaims with regard to an inequitable conduct defense if discovery uncovers a basis for the defense, Victaulic is not presently aware of any facts giving

---

[1] Tyco similarly requests that Victaulic's request in its Wherefore clause for declarative relief for its Second Counterclaim be "modified," presumably to remove the term "unenforceable. (*See* Victaulic's Answer and Counterclaim at Wherefore 2(a)), and Tyco's supporting memorandum, at 2, 8.)

rise to a claim of inequitable conduct, and thus has not made an allegation in that regard pursuant to either Federal Rule of Civil Procedure 8 or 9(b).

### 2. A Patent Can Be Unenforceable For Many Reasons Other Than Inequitable Conduct

As discussed above, Tyco erroneously equates "unenforceability" in the Answer and Counterclaims with "inequitable conduct." In fact, there are many reasons why a patent may be unenforceable in addition to inequitable conduct. As pled in the Third Affirmative Defense and Count II of the Counterclaims, an invalid patent is unenforceable. *See, e.g.*, *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1579, 1580 (Fed. Cir. 1983) ("[t]he [district] court accordingly concluded, correctly …, that claim 1 of the '166 patent is invalid and unenforceable," when the only basis for the unenforceable holding was that the claim was invalid); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1367 (Fed. Cir. 2004) (affirming summary judgment that patent is "invalid and unenforceable under 35 U.S.C. § 102(b)"), *rev'd on other grounds*, 546 U.S. 394 (2006). For this reason alone, the Motion to Strike/Dismiss should be denied.

To the extent that Tyco is asserting more generally that none of Victaulic's asserted defenses can result in unenforceability of the asserted patents against Victaulic or its customers, Tyco is mistaken. In addition to unenforceability because of invalidity, a patent may be unenforceable as to a particular party because of an actual or implied license. *Hewlett Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, Inc., 123 F.3d 1445, 1455 (Fed. Cir. 1997); s*ee also Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995); *Wang Labs., Inc. v. Mitsubishi Elecs. Am.*, 103 F.3d 1571, 1580-82 (Fed. Cir. 1997). The Fourth Affirmative Defense pleads a license defense, and Tyco did not move to strike the Fourth Affirmative Defense. Also, a patent may be unenforceable as to a specific party because of waiver and/or estoppel. *Aspex Eyewear Inc. v. Clarity Eyewear, Inc.*, 605 F.3d 1305 (Fed. Cir.

2010); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992). The Fifth Affirmative Defense pleads waiver and estoppel, and Tyco did not move to strike the Fifth Affirmative Defense. Thus, item 2(a) of "Relief Requested" of the Answer and Counterclaims has sufficient support.

To summarize, contrary to Tyco's assertions, allegations of "unenforceability" do not always equate to "inequitable conduct." Thus, the statement on page 3 of Tyco's supporting memorandum that Victaulic does not "allege a single legal theory (such as inequitable conduct) that would give rise to unenforceability of Tyco's patents" is incorrect. As discussed above, Victaulic has alleged defenses of invalidity, implied license, waiver and estoppel, all of which can be the basis for a finding that the Tyco patents in suit are unenforceable as to Victaulic and its customers.

### 3. Tyco's Supporting Memorandum Does Not Cite The Contrary Persuasive Authority

Tyco also suggests that Victaulic's Third Affirmative Defense and Second Counterclaim generally do not contain enough detail. (Tyco's supporting memorandum, at 5.) Yet in making this argument, Tyco's supporting memorandum ignores cases that hold that contentions pled in the same matter as Victaulic's Third Affirmative Defense and Second Counterclaim are sufficient in patent cases, because they supply sufficient notice to the patent owner of the invalidity allegations. As the Northern District of Illinois recently stated:

> Apotex's invalidity counterclaims … allege that the Unasserted Patents "are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code…. While brief, those allegations are sufficient to put Pfizer on notice of what Apotex is claiming – invalidity of the Unasserted Patents – and the grounds upon which this claim rests – failure to satisfy one or more conditions of patentability.

*See, e.g.*, *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010); s*ee also Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008, 2010 WL 1372316 (D.N.J. Mar.31, 2010) (holding that an allegation that the claims of patents are "invalid under one or more provisions of 35 U.S.C. §101-105" is sufficient under Fed. R. Civ. P. 8(a)(2) because the plaintiff "has full notice of [defendant's] claims of … invalidity, and [defendant] has stated the grounds for these claims."). The Third Affirmative Defense and Second Counterclaim provide Tyco with the same notice of its claims and the same grounds upon which such claims rest.

Moreover, the only case from this Court that Tyco cites with regard to the merits in its supporting memorandum is *Precimed S.A. v. Orthogenesis, Inc.*, No. Civ.A.04-1842, 2005 WL 991277 (E.D. Pa. Apr. 25, 2005). However, the *Precimed* case is distinguishable because it is an *inequitable conduct case* where the Court focused on the fact that the defendant's affirmative defense and counterclaim did not sufficiently plead *inequitable conduct*. This case is distinguishable from the *Precimed* case because, as discussed above, Victaulic is not asserting inequitable conduct, the distinguishing Achilles heel for defendant in *Precimed*.

### 4. The Answer And Counterclaims Provide The Same Level Of Detail As The Second Amended Complaint

Tyco's implied complaint about the level of detail provided in the Third Affirmative Defense and Second Counterclaims also ignores the rule that it would be unjust to require a higher standard of a defendant with regard to the details provided in an answer and counterclaim than plaintiff provided in its complaint:

> [Plaintiff's] motion to dismiss [defendant's] counterclaims and motion to strike certain affirmative defenses for lack of factual information is without a sound foundation. [Defendant's] language in its counterclaims and affirmative defenses mirrors the language [plaintiff] employed in its own complaint. There is no basis for this Court to, on the one hand, allow plaintiff to plead as it has while, on the other hand, require [defendant], inexplicably, to provide more detailed factual support for its counterclaims and

> defenses. The notion that [defendant] must identify what theories of invalidity it intends to pursue, and the facts supporting such theories at this stage is not plausible.

*Elan Pharma*, 2010 WL 1372316, at *5.[2]

Here, the Answer and Counterclaims provide the same level of detail as the Second Amended Complaint with regard to similar allegations. For example, in paragraph 14 of the Second Amended Complaint, which is the only paragraph of the Second Amended Complaint regarding Victaulic's alleged contributory infringement of the 736 patent, Tyco simply states that Victaulic supplied the accused sprinkler "knowing that such sprinkler is especially made or especially adapted for use in the system and/or method claimed in the '736 patent, such sprinkler not being a staple article or commodity of commerce suitable for a substantial noninfringing use, all in violation of 35 U.S.C. §271(c) …." *See* Tyco's Second Amended Complaint at page 3. However, that recitation merely repeats §271(c):

> (c) Whoever offers to sell or sells within the United States or imports in the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constitute a material part of the invention, <u>knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for a substantial noninfringing use</u>, shall be liable as a contributory infringer. (Emphasis added.)

Thus, paragraph 14 merely recites the elements of §271(c) without any supporting facts. To similarly plead its invalidity contentions and its unenforceability contentions based on invalidity, all Victaulic would have to do is quote the statute sections in the Answer and Counterclaims. Such would be a fruitless exercise.

---

[2] Citing *Cardinal Chemical Co. v. Morton Int'l*, 508 U.S. 83, 96 (1983), Tyco asserts that the "pleading adequacy of Victaulic's counterclaim must be judged independent of the claim made by Tyco." (Tyco's supporting memorandum, page 3, n.1). However, unlike *Elan*, *Cardinal Chemical* does not address the pleading standards for counterclaims. Rather, *Cardinal Chemical* simply stands for the proposition that the Federal Circuit may have jurisdiction over declaratory judgment claims of invalidity independent of a patentee's claim of infringement. *Cardinal Chemical Co*., 508 U.S. at 96.

As a further example, in paragraph 18 of the Second Amended Complaint, Tyco asserts that "Victaulic's infringement of the '736 patent has been and is willful…." Second Amended Complaint, ¶ 18; *see also id.* at ¶ 28 (making the same bare, unsupported willful infringement allegation as to the '201 patent). However, Tyco does not recite any facts supporting that willful infringement allegation.[3]

Accordingly, Tyco's Motion to Strike/Dismiss also should be denied so as not to apply a higher standard to the Answer and Counterclaims than to the Second Amended Complaint.

### B. Tyco's Requested Relief Is Overkill - At The Least, Victaulic Should Be Granted Leave To Amend Its Answer And Counterclaims

The relief requested by Tyco in the Motion to Strike/Dismiss is the striking of the Third Affirmative Defense and the dismissal of Count II of the Counterclaims. Tyco somewhat tones down its requested remedy in the supporting memorandum of law, which, in the last sentence of page 1, states:

> At a minimum, the word 'unenforceable' should be stricken from Victaulic's affirmative defenses, counterclaims, and relief requested, and Victaulic's Third Affirmative Defense be stricken in its entirety.

Neither remedy is called for in this case, which is in its infancy. Even the cases cited by Tyco do not grant the extreme remedy sought by Tyco. Rather, all of the cases either grant the opposing party leave to amend, or dismiss the claim/defense without prejudice with the right of the opposing party to re-plead the claim/defense. *See, e.g.*, *Precimed*, 2005 WL 991277 (granting defendant twenty days to file an amended counterclaim).

---

[3] The Federal Circuit has made very clear the facts that must be alleged to support an allegation of willful infringement. *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007). Those facts include (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) "that this objectively-defined risk … was either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. The Second Amended Complaint does not recite any of those facts; rather, it contains only bare allegations of willful infringement.

Further, motions to strike are highly disfavored and striking a pleading is a "drastic remedy to be resorted to only when required for the purposes of justice." *Eisai Co. Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424-25 (D.N.J. 2009) (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).  In fact, in this Court, "only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004).

Accordingly, if this Court should find that Victaulic's Answer and Counterclaims are lacking in supporting detail, Victaulic respectfully requests leave to amend its Answer and Counterclaims.

### III. CONCLUSION

For at least the above reasons, Tyco's Motion to Strike/Dismiss should be denied. A proposed order is attached. Even if the motion is granted, Victaulic should be granted leave to amend the Answer and Counterclaims.


Dated: March 8, 2011                           /s/ Robert R. Baron, Jr.
                                                Robert R. Baron, Jr., Esquire
                                                Marc S. Segal, Esquire
                                                Darth Newman, Esquire
                                                BALLARD SPAHR LLP
                                                1735 Market Street, 51st Floor
                                                Philadelphia, PA 19103
                                                Phone: 215-665-8500
                                                Email: baron@ballardspahr.com;
                                                segalm@ballardspahr.com
                                                newmand@ballardspahr.com

                                                OF COUNSEL:

                                                Darle M. Short, Esquire
                                                Peter T. Ewald, Esquire
                                                Ee Ming Yap, Esquire
                                                OLIFF & BERRIDGE
                                                277 S. Washington St., Suite 500
                                                Alexandria, VA 22314
                                                Phone: 703-836-6400
                                                Email: dshort@oliff.com
                                                pewald@oliff.com
                                                eyap@oliff.com


                                                Attorneys for Victaulic Company

## **CERTIFICATE OF SERVICE**

I, Darth M. Newman, hereby certify that on March 8, 2011, true and correct copies of Defendant's Brief in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defense and Dismiss Defendant's Counterclaim were served via a court-generated ECF e-mail notice upon the following counsel for Plaintiff:

> Eric Kraeutler
> John V. Gorman
> Andrew C. Whitney
> Squire J. Servance
> Morgan Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921
> Phone: 215 963 5157
> Email: ekraeutler@morganlewis.com
> jgorman@morganlewis.com
> awhitney@morganlewis.com
> sservance@morganlewis.com

 /s/ *Darth M. Newman*
Darth M. Newman