IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYCO FIRE PRODUCTS LP, : CIVIL ACTION
 : NO. 10-4645
  Plaintiff, :
 :
v. :
 :
VICTAULIC COMPANY, :
 :
  Defendant. :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.      APRIL 12, 2011

I. INTRODUCTION...............................................1
II. BACKGROUND.................................................3
III. DISCUSSION................................................4
 A. Legal Standard.......................................5
  1. Historical Underpinnings and Their
   Demise..........................................6
  2. Split in Authority on <u>Twombly</u>-<u>Iqbal</u>'s
   Applicability to Affirmative Defenses..........10
  3. Standard to be Applied by the Court............13
 B. Application..........................................17
  1. Split in Authority Amongst Courts Construing
   Similar Pleadings..............................18
  2. Defendant's Pleading...........................20
   a. The affirmative defense....................20
   b. The counterclaim...........................22
IV. CONCLUSION................................................27

## I. INTRODUCTION

The Supreme Court's decisions in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009) have caused a sea change in the pleading practices in federal court. The instant case is illustrative of this development.

Plaintiff Tyco Fire Products LP ("Plaintiff") brings this patent infringement suit against Victaulic Company ("Defendant"). Plaintiff alleges that Defendant has infringed two of Plaintiff's patents: (1) United States Patent Number 7,793,736 ("'736 Patent"), entitled "Ceiling-Only Dry Sprinkler Systems and Methods for Addressing a Storage Occupancy Fire"; and (2) United States Patent Number 7,819,201 ("'201 Patent"), entitled "Upright, Early Suppression Fast Response Sprinkler." (Second Am. Compl. ¶¶ 9, 19.) Defendant's answer pleads five affirmative defenses and asserts two counterclaims. Amongst these affirmative defenses and counterclaims are Defendant's conclusory averments that Plaintiff's patents are "invalid and/or unenforceable." Plaintiff asks the Court to strike the affirmative defense to that effect under Federal Rule of Civil Procedure 12(f), and to dismiss the corresponding counterclaim pursuant to Rule 12(b)(6).

For the reasons that follow, the Court finds that: (1) Twombly and Iqbal do not apply to affirmative defenses; (2) Defendant's affirmative defense satisfies the applicable standard; (3) a portion of Defendant's affirmative defense is redundant; and (4) Defendant's counterclaim fails under Twombly and Iqbal. As a corollary to these findings, the Court notes that relying on local patent rules to alter the pleading standard is not consistent with the national rules, and observes that Rule

84 and the forms to which it provides safe harbor should be modified or repealed to the extent they are incompatible with Twombly and Iqbal.

Thus, as set forth more fully below, Plaintiff's motion will be granted in part and denied in part. Defendant's counterclaim will be dismissed and the redundant portion of Defendant's affirmative defense will be stricken.

## II.  BACKGROUND

Plaintiff claims that its patents are infringed by Defendant's manufacture and sale of the Model LP-46 V4603 K25 Standard Response Storage Upright Sprinklers of varying temperature ratings. (See id. ¶¶ 13, 23.) Defendant acknowledges manufacturing and marketing the products in question, (see Answer ¶¶ 12, 22), but denies Plaintiff's averments of patent infringement, (see id. ¶¶ 14-18, 24-28). Defendant further raises a series of affirmative defenses and two counterclaims, both of which assert, in relevant part, that Plaintiff's patents are "invalid and/or unenforceable."

This contention appears in three portions of Defendant's answer. First, Defendant's Third Affirmative Defense provides that Plaintiff's patents are "invalid and/or unenforceable for failure to comply with the conditions of patentability specified in Title 35 of the United States Code,

including, without limitation, at least §§ 101, 102, 103 and 112." (Id. ¶ 31.) Second, Defendant pleads a counterclaim averring that the "patents are invalid and/or unenforceable for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, at least §§ 101, 102, 103 and 112." (Id. ¶ 39.) Finally, Defendant's request for relief seeks an Order declaring that the claims of the patents are "invalid and unenforceable."

## III. DISCUSSION

Plaintiff takes issue with Defendant's averment that the patents are "invalid and/or unenforceable" and asks the Court to (1) strike Defendant's third affirmative defense; (2) dismiss Defendant's second counterclaim; and (3) strike Defendant's request for relief insofar as it asks for an Order declaring the patents "invalid and unenforceable." Citing Twombly and Iqbal, Plaintiff contends that Defendant has failed to give Plaintiff fair notice of the basis upon which the "invalid and/or unenforceable" affirmative defense and counterclaim depend. Plaintiff further extrapolates that Defendant's allegation of unenforceability may be predicated on inequitable conduct, and contends that its motion should therefore be granted because Defendant's pleading does not satisfy Rule 9(b).

Defendant responds that a patent can be unenforceable

for many reasons—one of which is invalidity itself—and that Plaintiff mistakenly presumes the defense and counterclaim intend to allege inequitable conduct.  Defendant, therefore, contends that Rule 9(b) does not apply, and that the answer's allegations provide sufficient notice under the governing standard set forth in Rule 8.  Defendant further reasons that the answer and counterclaims should remain intact because they provide the same level of factual detail as Plaintiff's pleading.

Interestingly, the parties have not suggested that the standard of review applicable to Defendant's counterclaim may differ from that which applies to Defendant's affirmative defense.  In fact, the parties' briefing only gives cursory treatment to the legal standard to be applied in evaluating Plaintiff's motion.  When the Court inquired into this matter at oral argument, both parties suggested that the plausibility standard set forth in Twombly and Iqbal was controlling.  This proposition, however, is hardly self-evident, and deserves due consideration.  Thus, the Court begins by addressing this issue.


A.   Legal Standard

Plaintiff's motion is governed by Rules 12(b)(6) and 12(f).[1]  The former provides a basis by which a party may

---

[1]    The fact that this case is a patent case has no bearing on the legal standard applied.  See McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) ("A motion to

challenge the sufficiency of a counterclaim, <u>see</u> Fed. R. Civ. P.
12(b)(6) (stating that "failure to state a claim upon which
relief can be granted" is a defense to a claim for relief), while
the latter permits parties to challenge the sufficiency of an
affirmative defense, <u>see</u> Fed. R. Civ. P. 12(f) (stating that the
court "may strike from a pleading an insufficient defense").
Although both procedural devices are concerned with a pleading's
legal sufficiency, the requirements underlying the sufficiency
determination stem from different sources:  Rule 8(a) applies to
claims (and therefore counterclaims and crossclaims), while Rule
8(c) sets forth the standard for affirmative defenses.[2]


### 1.  <u>Historical Underpinnings and Their Demise</u>

Both rules, however, share a common purpose.  Indeed,
so-called "notice pleading" has always been the hallmark of Rules
8(a) and 8(c), which ultimately function to provide the opponent
with notice of the claim or defense pled.  <u>See, e.g.,</u> <u>Twombly</u>,
550 U.S. at 555 (stating that Rule 8(a)'s purpose is "to 'give

---

dismiss for failure to state a claim upon which relief can be
granted is a purely procedural question not pertaining to patent
law.").  Instead, the standard is derived from the regional
circuit's law.  <u>See</u> <u>id.</u>

[2]    Rule 8(a) requires the pleader to aver "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(c), by contrast,
requires "a party [to] affirmatively state any avoidance or
affirmative defense."  Fed. R. Civ. P. 8(c)(1).

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))); Dann v. Lincoln Nat'l Corp., --- F. Supp. 2d ----, 2011 WL 487207, at *4 (E.D. Pa. Feb. 10, 2011) ("[E]ven before Twombly and Iqbal, affirmative defenses had to provide the plaintiff with fair notice of the nature of the defense."). Rule 12(b) provides a means of enforcing this policy goal. As noted, it permits, amongst other things, dismissal of legally insufficient claims or defenses, see Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(f), and affords certain parties the ability to seek a greater degree of notice where it is deficient, see Fed. R. Civ. P. 12(e).

In evaluating pleadings for legal sufficiency under Rules 12(b)(6) and 12(f), courts historically applied Conley's "no set of facts" test whereby the pleading in question would survive a challenge unless there was no set of facts under which the pleader could prevail. See, e.g., Conley, 355 U.S. at 45-46 ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003) (noting that a defendant's affirmative defense should be stricken "if the defendant could prove no set of facts in support of the affirmative defense that

would defeat the complaint"); see also Dann, 2011 WL 487207, at
*4 (explaining that before Twombly "[a]ffirmative defenses were
not to be struck unless there was no set of facts which could be
inferred from the pleadings in support of the defenses").

However, notwithstanding that Rule 12(e) provides a
basis for remedying deficient notice and does not permit
dismissal, the notion that a pleading should provide notice was
often merged into the inquiry for assessing legal sufficiency by
way of a motion to dismiss or strike.[3] See Stephen B. Burbank,
Summary Judgment, Pleading, and the Future of Transsubstantive
Procedure, 43 Akron L. Rev. 1189, 1191 n.14 (2010). In doing so,
courts fixed the quantum of notice required by reference to the

---

[3] This appears to have led to at least two distinct
results. Some courts incorporated the requirement of notice into
the standard for dismissal such that a complaint or defense
providing insufficient notice of what was being asserted would be
dismissed or struck respectively. See, e.g., Nicolosi-Russo v.
Program Brokerage Corp., No. 05-9373, 2006 WL 3690654, at *2
(S.D.N.Y. Dec. 13, 2006) (noting a defendant is "entitled to
dismissal" if "it can show either that the complaint fails to
provide fair notice . . . or . . . the plaintiff can prove no set
of facts" (internal marks omitted) (quoting Patel v. Searles, 305
F.3d 130, 135 (2d Cir. 2002))). Others would intimate that a
pleading satisfying the "no set of facts" standard provided the
requisite notice for the purposes of defeating an opponent's
motion. See, e.g., Idrees v. City of N.Y. Dep't of Parks &
Recreation, No. 04-2197, 2005 WL 1026027, at *3 (S.D.N.Y. May 3,
2005) (stating a complaint must provide "fair notice" and should
therefore not be dismissed "unless it appears beyond doubt that
the plaintiff can prove no set of facts" (quoting Conley, 355
U.S. at 45-46)); United States v. N.O.C., Inc., No. 87-3539, 1988
WL 109727, at *4 (D.N.J. Oct. 14, 1988) ("Fair notice is given
unless it appears beyond doubt that the plaintiff can prove no
set of facts in support of his claim . . . ." (internal marks
omitted) (quoting Conley, 355 U.S. at 47)).

complexity of the facts and legal theory alleged.  See, e.g.,

Loftus v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 986 (E.D. Pa.

1994) (Robreno, J.).  Indeed, as this Court put it in summarizing

what a plaintiff had to allege to survive a defendant's motion to

dismiss, "the more substantively complex the cause of action, the

greater the mandate for detail under [Rule 8(a)]."  Id.

     The Supreme Court's decisions in Twombly and Iqbal,

both of which expressly and closely tied the concept of notice to

a claim's legal sufficiency, have drastically reshaped these

principles.  In dispensing with Conley's "no set of facts" test,

the Twombly Court held that a complaint's factual allegations

must "be enough to raise a right to relief above the speculative

level."  Twombly, 550 U.S. at 555.  This, as the Court explained,

"requires more than labels and conclusions" such that "a

formulaic recitation of the elements of a cause of action will

not do."  Id. at 555 (internal citation omitted).

     Instead, under Twombly, the pleadings must contain

sufficient factual allegations as to state a facially plausible

claim for relief.  See id. at 570 ("[W]e do not require

heightened fact pleading . . . but only enough facts to state a

claim to relief that is plausible on its face."); see also Gelman

v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir.

2009).  To show as much, as the Court clarified in Iqbal, the

pleader must aver "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949.

> 2. Split in Authority on Twombly-Iqbal's
>    Applicability to Affirmative Defenses

In the wake of Twombly and Iqbal, it is clear that a claim or counterclaim must set forth sufficient facts to give rise to a plausible claim for relief. See, e.g., PPG Indus., Inc. v. Generon IGS, Inc., --- F. Supp. 2d ----, 2011 WL 113665, at *2 (W.D. Pa. Jan. 13, 2011) ("Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint."). Whether Twombly's "plausibility" standard applies to affirmative defenses, however, is far from settled. See Dann, 2011 WL 487207, at *4 ("District courts across the country have disagreed as to whether Twombly's plausibility standard has raised the bar for affirmative defenses."); see also Arthur R. Miller, From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure, 60 Duke L.J. 1, 101 n.391 (2010) (identifying and interpreting the split). As Judge Brody recently observed, the "majority of courts have held that Twombly's plausibility standard does apply to affirmative defenses" by "interpret[ing] Twombly as applying to all pleadings." Dann, 2011 WL 487207, at *4 n.6.

But many courts have persuasively argued that Twombly

and _Iqbal_ do not apply to affirmative defenses.  In _Charleswell_
_v. Chase Manhattan Bank, N.A._, for example, Judge DuBois
distinguished Rule 8(a) from Rule 8(c), noting that Rule 8(a)
requires a "statement of the claim _showing_ that the pleader is
entitled to relief" while Rule 8(c) only requires a pleader to
"_state_" an affirmative defense.  No. 01-119, 2009 WL 4981730, at
*4 (D.V.I. Dec. 8, 2009) (emphasis added).  Because the _Twombly_
Court had interpreted Rule 8(a) and not Rule 8(c), Judge DuBois
concluded "that the pleading standards articulated in _Twombly_ and
_Iqbal_ do not extend to affirmative defenses."  _Id._ at *4.

Pointing to the textual distinction Judge DuBois
identified as well as other considerations, Judge Simandle
recently reached the same conclusion.  _See_ _Fed. Trade Comm'n v._
_Hope Now Modifications, LLC_, 09-1204, 2011 WL 883202, at *2
(D.N.J. Mar. 10, 2011).  _Twombly_ and _Iqbal_, as Judge Simandle
explained, were partially prompted by the "concern that allowing
threadbare complaints to survive a Rule 12(b)(6) motion to
dismiss would unjustifiably subject more defendants to the
burdens of discovery."  _Id._ at *3.  Judge Simandle reasoned that
these considerations are not equally implicated in the context of
affirmative defenses:

> Under the Rules, a plaintiff faced with a vague or
> possibly frivolous defense is not without remedy.  Defendants'
> affirmative defenses can easily be explored through contention
> interrogatories to the Defendants . . . .

> The Court further notes that the Rules provide some

further protections . . . . First, a defendant must make the initial disclosures of persons having discoverable information, and of documents . . . pertinent to its defenses. Second, . . . Rule 11(b)(2) provides that defense counsel, by signing such a pleading, certifies to the best of counsel's belief, formed after reasonable inquiry, that 'the . . . defenses . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law,' and that a breach of this duty, such as by asserting frivolous defenses, is subject to Rule 11(e) sanctions.

Id. at *3-4; accord Romantine v. CH2M Hill Eng'rs., Inc., No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that Twombly is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b) . . . .").

Other courts have declined to resolve the issue at all, reasoning that fair notice has always been required of affirmative defenses and that the defense at issue failed to provide as much. See, e.g., Dann, 2011 WL 487207, at *5. Interestingly, however, such courts appear to principally base this determination on the degree of factual detail averred. See id. (explaining that "some cases, applying only the fair notice standard, and not holding defendants to the Twombly and Iqbal bar, have struck affirmative defenses similar to those alleged by [the defendant]" and finding that the defendant failed to provide fair notice of a statute of limitations defense because the defendant failed "to identify which statutes of limitation are at

issue").[4]  This close attention to the pleading's factual specificity is, of course, the very same measure by which Twombly instructed courts to assess claims that are tested by an opponent's motion to dismiss.  It is therefore unsurprising that courts requiring fair notice in this manner have deemed commonplace averments, see Miller, supra, at 101 (observing that defensive pleading under Rules 8(b) and 8(c) "typically are alleged in a formulary, conclusory, and uninformative fashion"), defective on notice grounds, e.g., Dann, 2011 WL 487207, at *5.

### 3.  Standard to be Applied by the Court

In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that Twombly and Iqbal do not apply to affirmative defenses.  An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved.[5]  See Resolution Trust Corp. v.

---

[4]  See also Farm Credit of N.W. Fla., ACA v. Dilsheimer, No. 10-4515, 2011 WL 725084, at *3 (E.D. Pa. Mar. 1, 2011) ("Without determining whether affirmative defenses are subject to the Twombly-Iqbal pleading standard, we find no basis in the defendants' pleading to support them." (internal footnote omitted)); Sun Microsystems, Inc. v. Versata Enters., Inc., 630 F. Supp. 2d 395, 407 n.8, 410 (D. Del. 2009) (stating that "the instant Motion does not necessitate a resolution" of the split in authority, and holding "there are insufficient factual allegations in [the defendant's] Answer and Amended Counterclaims to support either a laches or a waiver defense").

[5]  As noted, an affirmative defense would have been assessed under the "no set of facts" test before Twombly with the concept of fair notice being tied into the analysis in one way or

<u>Baker</u>, No. 93-93, 1994 WL 637359, at *1 (E.D. Pa. Nov. 14, 1994) (Robreno, J.) ("[A]ll defenses must be plainly insufficient to be stricken . . . ."). This, as the undetailed recitations of affirmative defenses illustrated in Form 30 show,[6] is not an exacting standard even remotely approaching the type of notice required of a claim under <u>Twombly</u> and <u>Iqbal</u>. <u>See</u> Fed. R. Civ. P., App. of Forms, Form 30 ("The plaintiff's claim is barred by the statute of limitations because it arose more than ___ years before this action was commenced."); <u>id.</u> ("The complaint fails to

---

another. <u>See</u> <u>supra</u> Part III.A.1. In deference to the <u>Twombly</u> Court's admonition that the "no set of facts" test "has earned its retirement," <u>see</u> <u>Twombly</u>, 550 U.S. at 563, the Court concludes that its application is inappropriate in any context and therefore limits its sufficiency inquiry to the question of whether the affirmative defense confers fair notice. This test is particularly sensible for affirmative defenses given that the Rules do not, as they do for complaints, provide any other means by which vague defenses may otherwise be remedied. <u>Cf.</u> Fed. R. Civ. P. 12(e) (providing that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed," which does not generally include answers containing affirmative defenses).

[6]     Form 30 is referred to by Rule 84, which provides that a pleading in accordance with the forms suffices under the rules. <u>See</u> Fed. R. Civ. P. 84. Rule 84 was enacted to ensure that such pleadings would be treated favorably by the courts. <u>See</u> 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3162 ("Prior to 1948 an occasional case held a pleading insufficient even though it conformed to one of the Official Forms. To avoid such decisions the rule was amended in 1948 and now states explicitly that the forms are 'sufficient under the rules.'" (internal footnotes omitted)). While the Court believes <u>Twombly</u> and <u>Iqbal</u> cast doubt on the propriety of some of the forms, <u>see</u> <u>infra</u> Part III.B.2.b, they do so because of their interpretation of Rule 8(a)'s requirements—not Rule 8(c)'s. Thus, Form 30 remains an accurate illustration of what Rule 8(c) requires of an affirmative defense.

state a claim upon which relief can be granted.").

Instead, the requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial. See N.H. Ins. Co. v. Marinemax of Ohio, Inc., 408 F. Supp. 2d 526, 530 (N.D. Ohio 2006) (concluding that affirmative defenses averring preemption and waiver through "actions and inactions" were sufficient; while plaintiff argued "it ha[d] no idea which claims are preempted . . . [and] which actions waived which defenses" these were questions for discovery, not a basis for striking defenses). Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses. See id. at 529. Thus, the Court will only strike defenses challenged on sufficiency grounds if they do not meet this low standard.

The architecture of Rule 8 confirms this approach. Rule 8 provides that a party must merely state, not show, an affirmative defense. Compare Fed. R. Civ. P. 8(a) with Fed. R. Civ. P. 8(c). And while there is a need for a more factual understanding of a claim as to permit the formulation of a response, a party served with an affirmative defense is generally not required or permitted to file any responsive pleading at all. See Fed. R. Civ. P. 7(a). The need for notice of an affirmative defense is therefore diminished considerably.

Moreover, applying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it, e.g., Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1076 (10th Cir. 2009), and have a short amount of time to develop the facts necessary to do so, see Fed. R. Civ. P. 12(a)(1) (providing 21 days for a defendant to answer a complaint); Lane v. Page, --- F.R.D. ----, 2011 WL 693176, at *12 (D.N.M. Jan. 14, 2011). On a more practical level, requiring greater notice conflicts with the longstanding truism that motions to strike are disfavored. See Fiorentino v. Cabot Oil & Gas Corp., --- F. Supp. 2d ----, 2010 WL 4595524, at *2 (M.D. Pa. Nov. 15, 2010). After all, requiring more detailed defensive pleading will inevitably lead plaintiffs to file more motions to strike.

For these reasons, the Court will evaluate the challenged affirmative defense and counterclaim through a markedly different lens even though Plaintiff attacks them on the same ground. The counterclaim must be plausible under Twombly whereas the affirmative defense will be deemed sufficient unless it fails to provide fair notice of the issue.[7] Although this

---

[7]     More, of course, will be required should the allegations at issue relate to "fraud or mistake." Fed. R. Civ. P. 9(b). Such pleadings are subject to Rule 9(b)'s particularized requirements regardless of whether they are made by way of an affirmative defense or a claim. See id.; see also 5

methodology may lead to different outcomes following judicial

scrutiny of claims and affirmative defenses of the same stripe,

Rule 8 requires as much and the apparent incongruity is warranted

by the different forms of relief accorded by affirmative defenses

and counterclaims.  This case aptly demonstrates this point.  If

Defendant prevailed on its counterclaim, it would be entitled to

an Order declaring Plaintiff's patent invalid.  This, of course,

would render Plaintiff's patent null as against any party.  A

victory on the affirmative defense, by contrast, would not

clearly have this effect.[8]

     Thus, with the abovementioned guiding principles in

mind, the Court turns to address Plaintiff's motion.


     B.   Application

     In the post Twombly-Iqbal world, several courts have,

with varying results, dealt with similar affirmative defenses and

counterclaims made by patent defendants.  Some courts have merely

been confronted with counterclaims asserting that a patent is

invalid or unenforceable.  See, e.g., Genetic Tech. LTD v.

_____

Wright & Miller, supra, § 1274 (noting that the only exceptions
to the general pleading rule for affirmative defenses "are the
defenses that fall within the special pleading provisions in Rule
9, especially Rule 9(b)").

     [8]  While adjudication of the affirmative defense would
bind the parties in this and any future action, any greater reach
would necessarily depend on principles of issue preclusion.

Interleukin Genetics Inc., No. 10-69, 2010 WL 3362344, at *1-2 (W.D. Wis. Aug. 24, 2010) (dismissing counterclaim averring that the claims "are all invalid and/or unenforceable under one or more of 35 U.S.C. § 101, 102, 103 and 112" because the "court cannot treat this conclusory statement as true").  Many, however, have considered the propriety of both counterclaims and affirmative defenses to that effect.  E.g., Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008).

> 1.  Split in Authority Amongst Courts Construing
>     Similar Pleadings

At times, the court considering the plaintiff's motion has, citing fair notice, dismissed the counterclaim and struck the affirmative defense without considering whether the applicable pleading standards for counterclaims and defenses may differ.  In Aspex, for example, the Court observed that the defendant's counterclaims and affirmative defenses alleging the patents were "invalid and/or unenforceable" were mere assertions "without . . . even general facts to support them."  Id. Consequently, the Court struck the affirmative defense and dismissed the counterclaims.  See id. ("Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet Rule 8(a)'s pleading standards."); see also Sprint Commc'ns Co., L.P. v.

Theglobe.com, Inc., 233 F.R.D. 615, 618, 619 (D. Kan. 2006)
(striking affirmative defense alleging patent was "invalid, void
and/or unenforceable under one or more of the sections of Title
35 of the United States Code" and dismissing counterclaim
alleging the same because both were "fatally vague").

Some courts, however, have permitted defendants to
proceed on similarly pled counterclaims and defenses.  Elan
Pharma International Ltd. v. Lupin Limited, No. 09-1008, 2010 WL
1372316 (D.N.J. Mar. 31, 2010) is illustrative.  In Elan, the
defendant's answer contained counterclaims and affirmative
defenses averring that patents were "invalid under one or more
provisions of 35 U.S.C. §§ 101-105."  Id. at *4, 5.  Pointing to
the local patent rules that the District of New Jersey had
recently adopted as well as the sparse nature of the plaintiff's
pleading, the Court refused to strike the defenses or dismiss the
counterclaims:

> [The defendant's] language in its counterclaims and
> affirmative defenses mirrors the language [the plaintiff]
> employed in its own Complaint.  There is no basis for this
> Court to, on the one hand, allow [the plaintiff] to plead as
> it has while, on the other hand, require [the defendant],
> inexplicably, to provide more detailed factual support for its
> counterclaims and defenses. . . .
>
> Additionally, the Local Patent Rules require specificity
> at a later stage than [the plaintiff] argues is required,
> pursuant to Twombly and Iqbal.  Both [the plaintiff] and [the
> defendant] will have to disclose their respective theories and
> the accordant facts in order to comply with Local Patent Rules
> 3.1 and 3.3.  This motion suggests a factual disclosure that
> the Federal Circuit does not require, and a disclosure that,
> if required here, would make Rules 3.1 and 3.3 superfluous.

> This Court cannot rule in a manner that undermines logic, the Federal Rules, and the District of New Jersey Local Patent Rules.

Id. at *5 (internal footnotes omitted).

Several courts have agreed with the Elan Court's reasoning. See, e.g., Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010) (assessing a motion to dismiss counterclaims alleging invalidity due to "failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code"). In Pfizer, the Court cited the Northern District of Illinois' local patent rules, explaining that their adoption "militate[s] against dismissal of counterclaims for failure to meet the pleading requirements of Rule 8(a)." Id. at 938. For this reason and others, the Pfizer Court held that the defendant's seemingly vague invalidity counterclaims were sufficient. Id.; accord Teirstein v. AGA Med. Corp., No. 08-14, 2009 WL 704138, at *5 (E.D. Tex. Mar. 16, 2009).

2. Defendant's Pleading

a. The affirmative defense

As discussed above, an affirmative defense must only provide the opponent fair notice of the issue involved.[9] Under

---

[9] The Court rejects Plaintiff's contention that Rule 9(b) applies to Defendant's averments. This argument, which is predicated on Plaintiff's speculation that Defendant's

this standard, Defendant's affirmative defense is plainly

satisfactory to the extent it avers "invalidity."  It provides

Plaintiff with notice that Defendant anticipates defending this

suit on grounds of invalidity, the details of which Plaintiff can

flesh out through discovery.  See Marinemax, 408 F. Supp. 2d at

530.  Standing alone, the same may well be true of Defendant's

averment of "unenforceability."  Here, however, Defendant

acknowledges that its averment of unenforceability is effectively

the same as its averment of invalidity or the other defenses

pled—i.e., the patent is unenforceable for the same reasons it is

allegedly invalid or is unenforceable against Defendant because

of Defendant's other affirmative defenses.  Under these

---

counterclaim and affirmative defense refer to Plaintiff's
inequitable conduct, is misplaced.  While it is true that
inequitable conduct must be pled with specificity in accordance
with Rule 9(b), see Ferguson Beauregard/Logic Controls, Div. of
Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed.
Cir. 2003) ("[I]nequitable conduct, while a broader concept than
fraud, must be pled with particularity."), Defendant has not
alleged inequitable conduct and clarifies as much in its response
to Plaintiff's motion.

Indeed, as Defendant correctly states, an invalid
patent is unenforceable.  Moreover, a patent is unenforceable as
against a particular party to the extent that party has a
cognizable license defense.  See Hewlett-Packard Co. v.
Repeat-O-Type Stencil Mfg. Corp., 123 F.3d 1445, 1455 (Fed. Cir.
1997).  Therefore, the use of the term unenforceable does not, as
a matter of course, amount to a claim of inequitable conduct.
Nevertheless, because Defendant effectively concedes it is using
the term unenforceable based on the import of the patent's
invalidity or the applicability of another defense in Defendant's
pleading, (see Def.'s Br. In Opp to Pl.'s Mot., at 3-4), the term
is tautological and is treated as such in this memorandum.

circumstances, the use of the term unenforceable in Plaintiff's pleading is "redundant"; it will be stricken accordingly.  Fed. R. Civ. P. 12(f).

b.  The counterclaim

Determining whether Defendant's counterclaim on the same grounds suffices requires the Court to consider whether Defendant's claim of invalidity or unenforceability is "plausible" under Twombly and Iqbal.  Defendant's counterclaim plainly does not satisfy this standard:  it contains a mere legal conclusion, no supporting facts, and cites four broad provisions of Title 35 of the United States Code in support "without limitation."  (Answer ¶ 39.)  As noted, some courts have forgiven similarly sparse counterclaims based on the low bar to which the plaintiff's averments of patent infringement were subjected and their district's adoption of specialized local patent rules.  See Elan, 2010 WL 1372316, at *5; Pfizer, 726 F. Supp. 2d at 938; Teirstein, 2009 WL 704138, at *5; see also Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) ("[B]ecause the Court requires that invalidity contentions be served promptly after a counterclaim of invalidity is advanced, invalidity claims are not subject to the heightened pleading standards of Twombly and Iqbal.").  The Court will not follow that approach here.

22

First, the Court cannot rely on the local patent rules upon which these courts have depended because the Eastern District of Pennsylvania has not adopted local patent rules. Even if the this district did adopt local patent rules, however, they could not modify a defendant's pleading standard for counterclaims under the national rules. <u>See</u> Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with—but not duplicate—[the national] federal statutes and rules . . . ."); <u>see also</u> 28 U.S.C. § 2071(a). Using local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure.[10] <u>See</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .").

---

[10] The notion that courts may enact rules of procedure concerning a specific subject matter is itself debatable. The Rules Enabling Act only permits the Supreme Court to "prescribe <u>general</u> rules of practice and procedure," 28 U.S.C. § 2072(a) (emphasis added), and local rules must be consistent with the national rules promulgated by the Supreme Court, <u>see</u> 28 U.S.C. § 2071(a). A well-known civil procedure scholar has opined that the Rules Enabling Act's use of the word "general" refers to the fact that the rules issued by the Supreme Court "should not be limited in their application either to a particular geographic area or to a particular subject matter of dispute." Paul D. Carrington, <u>Making Rules to Dispose of Manifestly Unfounded Assertions: An Exorcism of the Bogy of Non-Trans-Substantive Rules of Civil Procedure</u>, 137 U. Pa. L. Rev. 2067, 2079 (1989) (internal footnote omitted); <u>but see</u> Stephen B. Burbank, <u>The Transformation of American Civil Procedure: The Example of Rule 11</u>, 137 U. Pa. L. Rev. 1925, 1934-35 (1989) (questioning this interpretation). Under Professor Carrington's view, specialized topic-based rules of procedure appear to be improper.

Second, the Court rejects the principle of permitting the defendant to plead less to survive a motion to dismiss based on apparent deficiencies in the plaintiff's pleading. (See Def.'s Br. In Opp to Pl.'s Mot., at 5-7.) Two wrongs do not make a right; if the plaintiff does not plead a plausible claim for relief under Twombly, the defendant is entitled to seek, and obtain, dismissal of the complaint. The fact that the defendant chooses not to do so does not entitle the defendant to plead counterclaims in a correspondingly insufficient manner. As described earlier, the relief warranted by a counterclaim can be drastic. Here, Defendant's counterclaim asks the Court to adjudge Plaintiff's patent invalid. Defendant will not be permitted to proceed on such a theory without stating a valid claim even if Plaintiff's pleading may have, itself, been prone to attack.

The Court acknowledges this may place a burden on patent defendants, who will have to plead counterclaims in accordance with Twombly but will often be tasked with answering conclusory complaints of direct infringement. Cf. Microsoft Corp., 741 F. Supp. 2d at 1159 (declining to apply Twombly to invalidity counterclaims because doing so "would be incongruous" in consideration of a patent plaintiff's pleading burden). Form 18 permits as much, and courts, following Rule 84, have accepted that pleadings in accordance with Form 18 are sufficiently pled

to withstand a motion to dismiss.  See McZeal, 501 F.3d at
1356-57 (looking to Form 16 in evaluating the pleading
requirements for direct patent infringement); id. at 1360 (Dyk,
J., concurring in part and dissenting in part) (suggesting that
the pleading in Form 16 would not provide sufficient notice under
Twombly, but acknowledging that "we would be required to find
that a bare allegation of literal infringement in accordance with
Form 16 would be sufficient . . . to state a claim").[11]

As courts have acknowledged, "[i]t is not easy to
reconcile Form 18 with the guidance of the Supreme Court in
Twombly and Iqbal."  Elan Microelectronics Corp. v. Apple, Inc.,
No. 09-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009);
see Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538, 542 (E.D.
Tex. 2010).  Nor is it easy to accept that the other forms
pertaining to the pleading of claims would survive a motion to
dismiss under Twombly and Iqbal.  See, e.g., Fed. R. Civ. P.,
App. of Forms, Form 11 (outlining a three-paragraph complaint for
negligence); but see Twombly, 550 U.S. at 565 n.10 (suggesting
that Form 9, the model form for a negligence pleading at the
time, would suffice because a "defendant wishing to prepare an

---

[11]    When McZeal was decided, the Form illustrating a
"Complaint for Patent Infringement" appeared at Form 16.  It now
appears at Form 18.

answer . . . would know what to answer").[12]

Put simply, the forms purporting to illustrate what level of pleading is required do not reflect the sea change of Twombly and Iqbal.  Rule 84, however, instructs that the forms "suffice" such that pleaders who plead in accordance with the forms are subject to a safe harbor.  Fed. R. Civ. P. 84; see 12 Wright & Miller, supra, § 3162.  This inconsistency between the Supreme Court's interpretation of Rule 8(a) and the forms Rule 84 validates should be remedied:  either by modifying or eliminating Rule 84 or by updating the forms to clearly comply with existing law.[13]

Because the Court will not excuse Defendant's sparse pleading, Plaintiff's motion to dismiss Defendant's second counterclaim will be granted.  Consequently, the Court will strike Paragraph 2(a) of Defendant's answer, which asks for an Order declaring the patents invalid and unenforceable.

---

[12]   The form demonstrating a negligence pleading has been changed since Twombly was decided.  It previously included more specific details regarding how the plaintiff was injured and the type of injury sustained.  See Fed. R. Civ. P., App. of Forms, Form 9 (2006) (averring that the plaintiff was injured when he crossed a highway and was "thrown down and had his leg broken" as a result).  The present iteration of this form, which appears at Form 11, omits these details.  See Fed. R. Civ. P., App. of Forms, Form 11 (stating only that the defendant negligently drove a vehicle "against the plaintiff" which led the plaintiff to suffer physical injury).

[13]   Presently, Forms 10 through 21 outline sample complaints.  The Advisory Committee should consider revisiting them as necessary.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion will be granted in part and denied in part as follows: (1) Defendant's second counterclaim will be dismissed; (2) the term unenforceable will be stricken from Defendant's third affirmative defense as redundant; and (3) Defendant's request for an Order declaring the patents invalid and unenforceable will be stricken. The Court will, however, grant Defendant leave to amend its pleading. <u>See</u> Fed. R. Civ. P. 15(a)(2). An appropriate Order will follow.