IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYCO FIRE PRODUCTS LP d/b/a TYCO FIRE SUPPRESSION & BUILDING PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>VICTAULIC COMPANY,<br><br>Defendant. | Civil Action<br><br>No.: 10-cv-4645 (ER) |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
TO ADJOURN CLAIM CONSTRUCTION BRIEFING DEADLINES UNTIL
AFTER THE COURT HAS RULED ON PLAINTIFF'S MOTION TO STAY**

Defendant Victaulic Company ("Victaulic") opposes plaintiff's request that the Court delay the rest of the claim construction process until after the Court rules on plaintiff's motion to stay the case because of plaintiff's reissue applications.

As background, the claim construction process has already begun. Specifically, the parties exchanged lists of claim terms/phrases to be construed and proposed constructions, negotiated constructions, and filed the Joint List of Agreed To and Disputed Claim Terms and Constructions (Dkt. 40). Now, plaintiff wants to stop the process.

Plaintiff's motion is based on the assertions that "the outcome of the reissue proceedings will likely moot or simplify many of the parties' claim construction disputes" and that, if the Court grants the motion to stay, "any briefing completed before [the decision on the motion to stay] is likely to have been wasted effort." Motion, paragraphs 4 and 6.

However, as discussed in detail in Defendant's Brief in Opposition to Plaintiff's Motion to Stay Proceedings Pending Outcome of Reissue Proceedings for the Patents in Suit ("Opposition to Motion to Stay") (Dkt. 44), even if the case is stayed pending completion of the reissue proceedings, the original claims will still have to be construed by the Court to resolve the intervening rights defense, because the reissued claims are compared to the original claims to resolve the intervening rights defense. That is, as discussed in Section IV.C. of the Opposition to Motion to Stay, when claims are amended in a reissue proceeding, a Court must compare the amended claims to the original claims to determine if the claims are "substantially identical" under 35 U.S.C. § 252. That comparison requires the Court to construe the original claims. Thus, the claim construction efforts with regard to the original claims will likely not be wasted even if the case is subsequently stayed, unless Tyco stipulates that the reissued claims are not "substantially identical" to the original claims.

Because the claim construction briefing will not be in vain even if the case is stayed (unless Tyco stipulates that the reissued claims are not "substantially identical" to the original claims), the requested adjournment will have no purpose other than to delay the claim construction process.

In addition, while Tyco asserts that its motion is based on "good cause," the only supporting facts or "cause" are Tyco's own activities, and, in particular, its motion to stay. Even though Tyco initiated the case, it now wants to stay the case to correct its defective patents. Further, by this motion, Tyco seeks to adjourn the claim construction process due to the pendency of its motion to stay. No action by the Court or Victaulic is grounds for the motion for adjournment.

For at least the above reasons, Tyco's motion to adjourn the claim construction briefing should be denied. While Victaulic opposes adjournment of the claim construction process based on the motion for stay, as Victaulic advised Tyco, Victaulic is not opposed to a short extension of the claim construction briefing if Tyco's counsel and/or Tyco have a workload or personal conflict with the present schedule.

Dated: September 15, 2011

Respectfully submitted,

_____
Darle M. Short, Esquire
Peter T. Ewald, Esquire
Ee Ming Yap, Esquire
OLIFF & BERRIDGE
277 S. Washington St., Suite 500
Alexandria, VA  22314

Robert R. Baron, Jr., Esquire
Marc S. Segal, Esquire
BALLARD SPAHR, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103

*Attorneys for Defendant
Victaulic Company*

## CERTIFICATE OF SERVICE

   This is to certify that a copy of the foregoing Defendant's Brief In Opposition To Plaintiff's Motion To Adjourn Claim Construction Briefing Deadlines Until After The Court Has Ruled On Plaintiff's Motion To Stay was served by email pursuant to the agreement between the parties and via the Court-generated ECF email notice on this 15th day of September, 2011, on:

     Eric Kraeutler
     John V. Gorman
     Andrew Whitney
     Squire J. Servance
     MORGAN, LEWIS & BOCKIUS LLP
     1701 Market Street
     Philadelphia, PA 19103-2921

              _____
              Darle M. Short