## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYCO FIRE PRODUCTS LP d/b/a TYCO FIRE SUPPRESSION & BUILDING PRODUCTS**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**VICTAULIC COMPANY**<br><br>    **Defendant.** | **CIVIL ACTION**<br><br>**No.:  10-cv-4645 (ER)**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S NON-INFRINGEMENT AND INVALIDITY COUNTERCLAIMS AND TO STRIKE DEFENDANT'S DEFENSES

Plaintiff respectfully moves the Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (h)(3) to dismiss (i) defendant's counterclaim of non-infringement of United States Patent No. 7,793,736 to the extent it is premised on 35 U.S.C. § 271(a) or (c); (ii) defendant's counterclaims of non-infringement and invalidity of the '736 patent to the extent they are directed to claims beyond claim 33, and (iii) defendant's counterclaims of non-infringement and invalidity of the United States Patent No. 7,879,201 to the extent they are directed to claims beyond claim 48. Plaintiff also respectfully moves pursuant to Fed. R. Civ. P. 12(f) to strike defendant's affirmative defenses relating to the same issues of the aforementioned counterclaims.  Plaintiff also respectfully requests that oral argument be heard on these motions.

Dated:  November 22, 2011

               ___/s/ John V. Gorman_____
               Eric Kraeutler (Pa. I.D. No. 32189)
               John V. Gorman (Pa. I.D. No. 80631)
               Andrew C. Whitney (Pa. I.D. No. 201534)
               Squire J. Servance (Pa. I.D. No. 207623)
               MORGAN, LEWIS & BOCKIUS LLP
               1701 Market Street
               Philadelphia, PA  19103-2921
               215.963.5000

Attorneys for Plaintiff Tyco Fire Products LP d/b/a
Tyco Fire Suppression & Building Products

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYCO FIRE PRODUCTS LP d/b/a TYCO FIRE SUPPRESSION & BUILDING PRODUCTS**<br><br>          **Plaintiff,**<br><br>   **v.**<br><br>**VICTAULIC COMPANY**<br><br>          **Defendant.** | **CIVIL ACTION**<br><br>**No.:  10-cv-4645 (ER)**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S NON-INFRINGEMENT AND INVALIDITY COUNTERCLAIMS AND TO STRIKE DEFENDANT'S DEFENSES

Dated:  November 22, 2011

Eric Kraeutler (Pa. I.D. No. 32189)
John V. Gorman (Pa. I.D. No. 80631)
Andrew C. Whitney (Pa. I.D. No. 201534)
Squire J. Servance (Pa. I.D. No. 207623)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5000

Attorneys for Plaintiff
Tyco Fire Products LP d/b/a
Tyco Fire Suppression & Building Products

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………………ii

I.      INTRODUCTION ................................................................................... 1

II.     STATEMENT OF FACTS ...................................................................... 1

III.    ARGUMENT ........................................................................................... 4

     A.    The Court Must Dismiss Victaulic's Declaratory Judgment Counterclaims Of Non-Infringement And Invalidity To The Extent That They Relate To Non-Asserted Claims Because The Court Lacks Subject Matter Jurisdiction Over Such Counterclaims .................................................. 4

        1.    A Federal Court Must Dismiss A Case If There Is No Subject Matter Jurisdiction ................................................................. 4

        2.    Subject Matter Jurisdiction Under the Declaratory Judgment Act Requires the Existence of An Actual Controversy Between the Parties At All Stages of the Litigation .................................. 5

     B.    Victaulic Cannot Show the Presence of a Case or Controversy Relating to Any of the Non-Asserted Claims .............................................................. 7

        1.    The Controversy Between Tyco and Victaulic On Non-Asserted Claims Is Now Moot ....................................................... 7

        2.    There Is No Case Or Controversy Over Non-Asserted Claims Because Tyco Cannot Assert Them In The Future For Victaulic's Activities Regarding The Accused Product .............................. 8

     C.    The Court Should, In Its Discretion, Decline To Exercise Any Jurisdiction ....... 11

     D.    The Court Must Strike Victaulic's Affirmative Defenses Of Non-Infringement And Invalidity To The Extent They Relate To Non-Asserted Claims. ................................................................. 12

IV.    CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008)............................................................................10

*Adenta GMBH v. OrthoArm, Inc.*,
    501 F.3d 1364 (Fed. Cir. 2007)............................................................................5

*Benitec Austl, Ltd. v. Nucleonics, Inc.*,
    495 F.3d 1340 (Fed. Cir. 2007)............................................................................7

*Corestates Bank, N.A. v. Huls America, Inc.*,
    176 F.3d 187 (3d Cir. 1997)............................................................................10

*Curtis v. Citibank, N.A.*,
    226 F.3d 133 (2nd Cir. 2000)............................................................................9

*Edmunds Holding Co. v. Autobytel, Inc.*,
    598 F. Supp. 2d 606 (D. Del. 2009)............................................................................5

*Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*,
    296 F.3d 982 (10th Cir. 2002)............................................................................9

*Hoffman-La Roche Inc. v. Mylan Inc.*,
    2009 U.S. Dist. LEXIS 114784 (D.N.J. Dec. 9, 2009)......................................7, 11

*In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641 (D.N.J. 2009) ............................................12

*In re Varat Enterprises, Inc.*,
    81 F.3d 1310 (4th Cir. 1996) ............................................................................10

*Jervis B. Webb Co. v. Southern Sys., Inc.*,
    742 F.2d 1388 (Fed. Cir. 1984)............................................................................7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................6

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
    58 F.3d 616 (Fed. Cir. 1995)............................................................................9

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)............................................................................6, 11

*Moravian Sch. Advisory Bd. v. Rawlins*,
    70 F.3d 270 (3d Cir. 1995)............................................................................4

*Myers v. Colgate-Palmolive Co.*,
    102 F. Supp.2d 1208 (D. Kan. 2000) ...................................................................9

*Oliney v. Gardner*,
    771 F.2d 856 (5th Cir. 1985) .............................................................................9

*Pa. Family Inst., Inc. v. Black*,
    489 F.3d 156 (3d Cir. 2007)...............................................................................5

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    780 F.3d 1372 (Fed. Cir. 2007).........................................................................6

*Shaver v. F.W. Woolworth Co.*,
    840 F.2d 1361 (7th Cir. 1988) ...........................................................................9

*Sierra Applied Scis. v. Advanced Energy Indus., Inc.*,
    363 F.3d 1361 (Fed. Cir. 2004).........................................................................5

*Teradyne Inc. v. Hewlett-Packard Co.*,
    1994 WL 317560 (N.D. Cal. Jun. 21, 1994)...................................................7, 8

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
    482 F.3d 1330 (Fed. Cir. 2007).......................................................................6, 7

*Total Containment, Inc. v. Environ Products*, Inc1992 U.S. Dist. LEXIS 12629 (E.D. Pa.
    Aug. 19, 1992) .................................................................................................12

*Walton v. Eaton Corp.*,
    563 F.2d 66 (3d Cir. 1977)............................................................................9, 10

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ..................................................11

**STATUTES**

28 U.S.C. §§ 1338, 2201 and 2202 .........................................................................4

28 U.S.C. § 2201(a) ...............................................................................................5

35 U.S.C. § 271(a) ...............................................................................2, 4, 8, 13

35 U.S.C. § 271(b) ...................................................................................2, 3, 4, 8

35 U.S.C. § 271(c) ...................................................................................1, 2, 3

Article III of the U.S. Constitution and the Declaratory Judgment Act. ....................5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)...........................................................................1, 5, 13

Fed. R. Civ. P. 12(f)..............................................................................................1, 12, 13

Fed. R. Civ. P. 12(h)(3)...............................................................................................1, 13

## I.     <u>INTRODUCTION</u>

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(h)(3) and 12(f), Plaintiff Tyco Fire Products LP ("Tyco") submits this memorandum of law in support of its motion to dismiss the non-infringement and invalidity counterclaims, and to strike the non-infringement and invalidity defenses, of Defendant Victaulic Company ("Victaulic") as they relate to legal theories and patent claims of United States Patent Nos. 7,793,736 ("'736 Patent) and 7,879,201 ("'201 Patent") (collectively "Asserted Patents") that plaintiff has not asserted against defendant.

Tyco's Third Amended Complaint is limited to assertion of patent infringement under limited claims (one per patent) and limited statutory theories. However, in its response to Tyco's Third Amended Complaint, Victaulic asserts defenses and counterclaims of non-infringement and invalidity of the Asserted Patents in their entirety. Victaulic's non-infringement and invalidity defenses and counterclaims with respect to the non-asserted claims and theories should be dismissed for lack of subject matter jurisdiction because there is no present case or controversy over them. Under the prohibition against claim splitting and claim preclusion, Tyco is precluded from later suing Victaulic for infringement of the non-asserted claims of the Asserted Patents, or under non-asserted theories, for the accused activities. Therefore, this Court lacks declaratory judgment jurisdiction over Victaulic's counterclaims and defenses to the extent they relate to non-asserted patent claims and non-asserted theories of infringement, and they should be dismissed.

## II.     <u>STATEMENT OF FACTS</u>

On September 14, 2010, the '736 patent issued to Tyco as assignee. *See* Docket Index No. 1 at ¶ 9. The '736 patent relates to dry sprinkler fire protection systems and the method of their design and installation. On the same day the patent issued, Tyco filed its initial Complaint in this case alleging that, under 35 U.S.C. § 271(c), Victaulic contributorily infringed at least

claims 1 and 2 of the '736 Patent by "making, using, selling, offering for sale, importing or supplying at least the Model LP-46 V4603 K25 Standard Response Storage Upright Sprinkler ("Accused Product") with temperature rating of 286 degrees Fahrenheit."  *See* Docket Index No. 1 at ¶ 13.  Tyco has never alleged (in a complaint or otherwise) that Victaulic infringes the '736 patent under 35 U.S.C. § 271(a).

On September 28, 2010, Tyco amended its Complaint to add an allegation that Victaulic has induced infringement of the '736 patent under 35 U.S.C. § 271(b) "and in particular, at least claims 1 and 2 by making, using, selling or offering for sale at least" the same Accused Product identified in the initial Complaint.  *See* Docket Index No. 4 at ¶ 15.  Like its initial complaint, Tyco's amended complaint did not allege that Victaulic directly infringed any claims of the '736 patent under 35 U.S.C. § 271(a).

On October 26, 2010, the '201 patent issued to Tyco as assignee.  *See* Docket Index No. 9 at ¶ 20.  It is generally directed to sprinkler devices that provide fire suppression protection in storage enclosures.  On November 2, 2010, Tyco further amended its complaint, this time to allege that Victaulic's making, using, selling or offering for sale the Accused Product having temperature ratings of 162 and 212 degrees Fahrenheit infringed the '201 patent under 35 U.S.C. § 271(a) and (b).  *See* Docket Index No. 9 at ¶¶ 24, 25.  Tyco's amended complaint did not allege that Victaulic contributorily infringed any claims of the '201 patent under 35 U.S.C. § 271(c).

On January 31, 2011, Victaulic answered Tyco's Second Amended Complaint asserting, among other things, affirmative defenses that the Asserted Patents are invalid and not infringed. In the same document, Victaulic also brought declaratory judgment counterclaims of invalidity and non-infringement of the Asserted Patents.

On April 29, 2011, pursuant to the Court's Case Management Order, Tyco identified a preliminary list of claims of the Asserted Patents that it contended were infringed by Victaulic's

activities with regard to the Accused Product.  In the ensuing months, the parties exchanged their

positions with regard to the terms of the Asserted Patents that required construction.  As a result

of these exchanges, Tyco decided to address with the United States Patent and Trademark Office

("PTO") issues raised by Victaulic.  Accordingly, on August 19, 2011, Tyco filed applications

for reissue of both Asserted Patents that sought, *inter alia*, alteration of the language of many of

the claims of the patents and the addition of further dependent claims.  Tyco subsequently moved

for a stay of this case pending the outcome of the reissue proceedings, and the Court denied that

motion on October 4, 2011.

   In light of the Court's ruling and because Tyco believes that many, if not all of the claims

of the Asserted Patents will likely be mooted and/or substantially altered as a result of the

pending reissue proceedings, Tyco sought to simplify the litigation and abandon most of the

claims it had asserted against Victaulic's activities with regard to the Accused Product.  Thus, on

October 27, 2011, and with Victaulic's consent, Tyco filed a Third Amended Complaint that,

*inter alia*,

- dropped entirely Tyco's allegation that Victaulic's activities with regard to the
  Accused Product having a 286 degree temperature rating contributorily infringe
  any of the claims of the '736 patent under 35 U.S.C. § 271(c);

- dropped for all claims except claim 33 of the '736 patent Tyco's allegation that
  Victaulic's activities with regard to the Accused Product having a 286 degree
  temperature rating constitute inducement of infringement of the '736 patent under
  35 U.S.C. § 271(b); and

- dropped except for claim 48 of the '201 patent Tyco's allegations that Victaulic's
  activities with regard to the Accused Product having temperature ratings of 162

and 212 degrees Fahrenheit infringe the '201 patent (either under 35 U.S.C. §§

271(a) or (b)).

*See* Docket Index No. 57 at ¶¶ 14, 22.

On November 9, 2011, Victaulic filed a responsive pleading to Tyco's Third Amended

Complaint.  *See* Docket Index No. 62.  Despite the fact that Tyco had limited its infringement

allegations to a single claim from each Asserted Patent, Victaulic maintained its affirmative

defenses and counterclaims of non-infringement and invalidity of the Asserted Patents in their

entirety.  *See id.*  Further, even though Tyco's infringement allegation of the '736 patent is

limited to inducement of infringement under 35 U.S.C. § 271(b), Victaulic's non-infringement

defense and counterclaim is not limited to non-infringement under that portion of the patent

statute, and encompasses non-infringement under other portions of the statute not asserted by

Tyco.  Victaulic alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1338, 2201 and 2202.  *See* Docket Index No. 62 at ¶ 32.

### III.   ARGUMENT

**A.   The Court Must Dismiss Victaulic's Declaratory Judgment Counterclaims Of Non-Infringement And Invalidity To The Extent That They Relate To Non-Asserted Claims Because The Court Lacks Subject Matter Jurisdiction Over Such Counterclaims.**

**1.   A Federal Court Must Dismiss A Case If There Is No Subject Matter Jurisdiction.**

This Court lacks subject matter jurisdiction over Victaulic's non-infringement and

invalidity counterclaims to the extent that they are based on patent claims and statutory theories

of infringement that are not a basis of Tyco's claims.

Subject matter jurisdiction is a threshold issue which goes to the power of the court to

hear the case.  If a district court lacks subject matter jurisdiction over a claim, the claim must be

dismissed.  *See Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 271-72 (3d Cir. 1995)

4

("Because we conclude that a district court must dismiss the suit where there is no colorable basis for exercising subject matter jurisdiction, we will reverse and remand both cases with instructions to dismiss.").  A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively shown.  *See Pa. Family Inst., Inc. v. Black*, 489 F.3d 156, 164 (3d Cir. 2007).  Fed. R. Civ. P. 12(b)(1) "authorizes dismissal of a complaint for lack of jurisdiction over the subject matter."  *Edmunds Holding Co. v. Autobytel, Inc.*, 598 F. Supp. 2d 606, 608 (D. Del. 2009).  A motion pursuant to Fed. R. Civ. P. 12(b)(1) may either make a facial or factual challenge to the court's subject matter jurisdiction.  *Id.*

> **2.**     **<u>Subject Matter Jurisdiction Under the Declaratory Judgment Act Requires the Existence of An Actual Controversy Between the Parties At All Stages of the Litigation.</u>**

In declaratory judgment actions, the declaratory judgment plaintiff must show that "a case or controversy" exists to establish subject matter jurisdiction sufficient to maintain an action in federal court.  28 U.S.C. § 2201(a).  In cases involving patent infringement or validity, Federal Circuit precedent governs whether there is a case or controversy.  *Adenta GMBH v. OrthoArm, Inc.*, 501 F.3d 1364, 1368 (Fed. Cir. 2007) (holding that whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment for non-infringement and/or invalidity is governed by Federal Circuit precedent).  Under this precedent, once a court's subject matter jurisdiction over an allegation is challenged, the burden shifts to the plaintiff (or the counterclaim plaintiff) to prove that jurisdiction exists.  *See Sierra Applied Scis. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004) (citations omitted).  Victaulic, as the declaratory judgment plaintiff in the present action, bears the burden of proving by a preponderance of the evidence that its allegations satisfy the case-or-controversy requirement of Article III of the U.S. Constitution and the Declaratory Judgment Act.

Although there is no bright line rule for distinguishing cases that satisfy the actual controversy requirement from those that do not, courts consider "whether the facts alleged, under all circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The dispute between the parties must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and must further be "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citation and quotation omitted); *see also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007) ("[W]e follow *MedImmune's* teaching to look at 'all the circumstances' . . . to determine whether Teva has a justiciable Article III controversy."); *SanDisk Corp. v. STMicroelectronics, Inc.*, 780 F.3d 1372, 1381 (Fed. Cir. 2007) ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguable illegal behavior or abandoning that which he claims a right to do.").

To have standing to bring or maintain a claim, Victaulic must demonstrate harm that is: "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations and citations omitted). The injury cannot be speculative, and must be redressable by a decision in the plaintiff's favor. *Id.* at 561. A controversy must also be ripe for judicial review, which is determined by whether the defendant's actions "have harmed, are harming, or about to harm the plaintiff." *Teva*, 482 F.3d at 1337. A controversy is ripe if "postponing a decision would work a substantial hardship on the challenging party." *Id.* Courts may only decide actual ripe controversies and cannot "'give

6

opinions upon moot questions or abstract propositions.'" *Id.* (quoting *Local No. 8-6 Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960)).

In a patent case, the existence of a case or controversy is determined on a claim-by-claim basis. *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). Thus, an actual case or controversy must exist as to each patent claim at the time Victaulic sought the declaratory judgment and continue at all times after the counterclaim was filed. *See Benitec Austl, Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1344 (Fed. Cir. 2007).

### B.   Victaulic Cannot Show the Presence of a Case or Controversy Relating to Any of the Non-Asserted Claims.

#### 1.   The Controversy Between Tyco and Victaulic On Non-Asserted Claims Is Now Moot.

It is well-established that "once the claimant changes its litigation position, the counterclaimant cannot go forward with its declaratory judgment action in regard to the unasserted claims unless it shows the existence of a live case or controversy." *Hoffman-La Roche Inc. v. Mylan Inc.*, 2009 U.S. Dist. LEXIS 114784, *17-8 (D.N.J. Dec. 9, 2009). "If the counterclaimant fails to make the requisite showing, then the court will lack jurisdiction to reach the merits of any invalidity or noninfringement claim connected to those discrete claims*." Id.* This is exactly the situation in this case. With the exception of claim 33 of the '736 Patent and claim 48 of the '201 Patent, Tyco is no longer asserting that Victaulic's activities with regard to the Accused Product infringe the '736 and '201 patents. This alone is sufficient to moot any controversy on non-asserted claims and provide the basis for granting Tyco's motion.

In view of the fact that the only claims asserted in Tyco's Third Amended Complaint are claim 33 of the '736 Patent and claim 48 of the '201 Patent, it is now Victaulic's burden to show that there is an imminent case or controversy sufficient to maintain declaratory judgment jurisdiction. It cannot do so. The decision in *Teradyne Inc. v. Hewlett-Packard Co.*, 1994 WL

317560 (N.D. Cal. Jun. 21, 1994), is instructive.  There, when faced with a situation similar to this case, the court ruled that there was no declaratory judgment jurisdiction with respect to claims that were no longer asserted.  In *Teradyne*, Hewlett-Packard ("HP") alleged that Teradyne infringed HP's patent ("the '814 Patent"), and Teradyne counterclaimed that the '814 was invalid or otherwise not infringed.  HP did not initially specify which patent claims of the '814 patent had been infringed by Teradyne.  Subsequently, HP notified Teradyne that it was only asserting patent claims 3, 9, and 10; and argued that there was no longer a live case or controversy in regard to claims 1 to 2 and 4 to 7, the unasserted claims.  The court agreed, ruling that Teradyne lacked subject matter jurisdiction with respect to the no longer asserted claims.  *Id.* at *3.

Here, as in *Teradyne*, Tyco initially alleged infringement of multiple patent claims of each Asserted Patens.  However, Tyco has abandoned most of its assertions under these patents, and now is only alleging infringement under 35 U.S.C. § 271(b) of claim 33 of the '736 Patent and under 35 U.S.C. § 271(a) of claim 48 of the '201 Patent.  This is exactly what happened in *Teradyne*, and much like that case, this Court should dismiss for lack of subject matter jurisdiction the counterclaims and defenses of invalidity and non-infringement with respect to all non-asserted claims.

### 2.    There Is No Case Or Controversy Over Non-Asserted Claims Because Tyco Cannot Assert Them Now Or In The Future For Victaulic's Activities Regarding The Accused Product.

No case or controversy exists regarding non-asserted patent claims, because the doctrine of claim preclusion and the prohibition against claim splitting bar Tyco from alleging now or in the future that Victaulic's activities with regard to the currently Accused Product infringe the claims that Tyco no longer asserts.

The rule against claim splitting, also known as the rule against duplicative litigation, "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out

of a single wrong be presented in one action." *Myers v. Colgate-Palmolive Co.*, 102 F. Supp.2d 1208, 1224 (D. Kan. 2000) (citations omitted).  Because "there is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket," a second action by Tyco during the pendency of, or after, the litigation would be duplicative and would be dismissed.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).  *See also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed.").

The rule against claim splitting is a variant on the principle of claim preclusion, or *res judicata*, and "the two doctrines serve some of the same policies."  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000) ("The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*.").  *See also Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002) (noting that "recent cases analyze claim splitting as an aspect of *res judicata*," citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) ("referring to claim splitting as the 'other action pending' facet of the *res judicata* doctrine ") and *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988) ("This application of the doctrine of *res judicata* prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate suits.").

Like the prohibition against claim splitting, the doctrine of claim preclusion (*res judicata*) provides that "a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).  A party must assert all claims against the same defendant that arise from a common nucleus of

operative facts in a single lawsuit or risk losing the right to later bring claims not asserted in the

original lawsuit.  *See In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (the rules

of claim preclusion "provide that if the later litigation arises from the same cause of action as the

first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier

case, but also of every claim that might have been presented.").

 Preclusion applies so long as there is an "essential similarity of the underlying events

giving rise to the various legal claims."  *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d

187, 194 (3d Cir. 1997).  A party has no right to maintain two separate actions involving the

same subject matter against the same defendant."  *Walton*, 563 F.2d at 70.  In patent cases, the

Federal Circuit has held that claim preclusion applies if "the accused device in the action before

the court is 'essentially the same' as the accused device in a prior action between the parties that

was resolved by judgment on the merits."  *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324

(Fed. Cir. 2008).  In other words, a patentee must assert all applicable patent claims against

particular alleged infringing activities or be barred from asserting non-asserted patent claims

against such activities in a separate action.  *See also D.- Beam v. Roller Derby Skate Corp.*, 316

Fed. Appx. 966 (Fed. Cir. 2008) (dismissing an infringement cause of action on the basis of

claim preclusion); *Abbey v. Mercedes Benz of N. Am., Inc.*, 138 Fed. Appx. 304 (Fed. Cir. 2005)

(dismissing several infringement causes of actions on the basis of claim preclusion).

 Thus, Tyco cannot, as a matter of law, later assert in a subsequent or concurrent action

that Victaulic's accused activities with regard to the currently Accused Product infringe the

claims of the Asserted Patents.  Any such action would necessarily be based upon the same

underlying events that give rise to the various legal claims of the present action, and would arise

from the same "transaction or serious of transactions."  Therefore, any case or controversy

relating to the non-asserted claims that would warrant Victaulic's continued pursuit of its declaratory judgment counterclaims and affirmative defenses is moot.[1]

Additionally, since there is no case or controversy, there is no harm to Victaulic that an adjudication of Victaulic's declaratory judgment counterclaims would redress.  There is simply no threat of litigation to Victaulic based on the non-asserted patent claims or legal theories involving the Asserted Patents with regard to the Accused Product.  Tyco is precluded, now and in the future, from asserting such claims against Victaulic.  Any potential adjudication by the Court in favor of Victaulic regarding the non-asserted patent claims or legal theories would therefore be superfluous since it would blunt an already non-existent threat.  The Court should grant Tyco's motion.

### C.   The Court Should, In Its Discretion, Decline To Exercise Any Jurisdiction.

Even if the Court were to find that it had subject matter jurisdiction over Victaulic's broad defenses and counterclaims, the Court should, in its discretion, decline to exercise that jurisdiction.  The Declaratory Judgment Act gives district courts "substantial discretion" when "deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Although the Declaratory Judgment Act allows a court to declare the rights of any interested party, it does not require the court to do so.  *MedImmune*, 549 U.S. at 136.  The Act "confers a discretion on the courts rather than an absolute right upon the litigant."  *Wilton*, 515 U.S. at 287.

Entertaining a declaratory judgment action that includes these non-asserted claims would be inconsistent with the purposes of the Declaratory Judgment Act.  Litigating Victaulic's broad assertions at this point in time will be wasteful of both the Court's and the parties' resources.

---

[1] This is not an instance where claims have been withdrawn merely to divest the Court of jurisdiction.  *See Hoffman-La Roche*, 2009 U.S. Dist. LEXIS 114784 at *15 n.6 (citing *Lear Automotive Dearborn, Inc. v. Johnston Controls, Inc.*, 528 F. Supp. 2d 654 (E.D. Mich. 2007)).  Tyco's actions do not simply divest the Court of jurisdiction; they go much further, and bar Tyco from later asserting that which has been dropped from the complaint.

11

Tyco has decided to take the drastic action of abandoning most of its claims of infringement against Victaulic for Victaulic's activities with regard to the currently Accused Product. Therefore, entertaining Victaulic's broad defenses and counterclaims would be a waste of judicial resources.

      **D.**      <u>**The Court Must Strike Victaulic's Affirmative Defenses Of Non-Infringement And Invalidity To The Extent They Relate To Non-Asserted Claims.**</u>

Victaulic's defenses of non-infringement and invalidity must be stricken for the same reasons that Victaulic's counterclaims must be dismissed. Under Federal Rule of Civil Procedure 12(f), a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Total Containment, Inc. v. Environ Products*, Inc. 1992 U.S. Dist. LEXIS 12629 at *3-4 (E.D. Pa. Aug. 19, 1992); *see also New Jersey v. RPI Energy Mid-Atlantic Power Holdings, LLC*, 2010 U.S. Dist. LEXIS 105866, *8 (E.D. Pa. Sep. 30, 2010) (citing *Total Containment Inc.*); *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 647-48 (D.N.J. 2009) (comparing a motion to strike standard to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and stating that "Because a motion [to strike] challenges the legal sufficiency of the pleading, it is governed by the same standards as a motion to dismiss[.] ... An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances."). Since there is no cause of action pending relating to the unasserted claims or unasserted theories, the affirmative defenses relating to such claims and theories should be stricken. Moreover, the reasons for the lack of subject matter jurisdiction over Victaulic's counterclaims also serve to render untenable Victaulic's affirmative defenses of non-infringement and invalidity.

12

IV.    **CONCLUSION**

For the foregoing reasons, Tyco respectfully requests, that pursuant to Fed. R. Civ. P.

12(b)(1) and 12 (h)(3), the Court dismiss (i) Victaulic's counterclaim of non-infringement of the

'736 patent to the extent that it is premised on 35 U.S.C. § 271(a) or (c); (ii) Victaulic's

counterclaims of non-infringement and invalidity of the '736 patent to the extent that they are

directed to claims beyond claim 33 of that patent, and (iii) Victaulic's counterclaims of non-

infringement and invalidity of the '201 patent to the extent that they are directed to claims

beyond claim 48 of that patent.  Tyco also respectfully requests that, pursuant to Fed. R. Civ. P.

12(f), the Court strike Victaulic's affirmative defenses relating to the same issues as the

aforementioned counterclaims.

Respectfully Submitted,

Dated:  November 22, 2011                    ___/s/ John V. Gorman_____
                                             Eric Kraeutler (Pa. I.D. No. 32189)
                                             John V. Gorman (Pa. I.D. No. 80631)
                                             Andrew C. Whitney (Pa. I.D. No. 201534)
                                             Squire J. Servance (Pa. I.D. No. 207623)
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             1701 Market Street
                                             Philadelphia, PA  19103-2921
                                             215.963.5000

                                             Attorneys for Plaintiff
                                             Tyco Fire Products LP d/b/a
                                             Tyco Fire Suppression & Building Products

13

## <u>CERTIFICATE OF SERVICE</u>

I, John V. Gorman, hereby certify that on this 22 day of November, 2011, a true and correct copy of the foregoing was served by e-mail, which the parties agree constitutes hand-delivery, on the following counsel:

> Robert R. Baron, Jr., Esquire
> BALLARD SPAHR, LLP
> 1735 Market Street
> 51st Floor
> Philadelphia, PA  19103
>
> Darle M. Short, Esquire
> OLIFF & BERRIDGE
> 277 S. Washington St., Suite 500
> Alexandria, VA 22314
>
> *Attorneys for Defendant*
> *Victaulic Company*

    /s/ John V. Gorman
John V. Gorman